# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. CR-07-72-R |
| | ) | CIV-15-885-R |
| EVERETT B. ROBINSON, | ) | |
| Defendant. | ) | |

## ORDER

Defendant, having received permission to file a successive motion from the United States Court of Appeals for the Tenth Circuit, seeks relief under 28 U.S.C. § 2255 with regard to the sentence imposed in this case.[1] (Doc. No. 94). The United States responded in opposition to the motion and Defendant has filed a Reply. Having considered the parties' submissions, the Court finds as follows.

On September 6, 2007, the Court sentenced Defendant following jury trial to fifteen years imprisonment on his conviction for violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm. His sentence was subject to enhanced punishment pursuant to 18 U.S.C. § 924(e), due to three qualifying prior convictions: (1) second degree burglary in violation of Arkansas Code § 5-39-201; (2) assault and battery with a dangerous weapon in violation of Okla. Stat. tit. 21 § 645; and (3) robbery with a firearm after former conviction of a felony. Plaintiff filed this motion pursuant to *Johnson v. United States*, 135

---

[1] Defendant argues throughout his filings that the permission granted by the Tenth Circuit supports relief in his favor. The granting of permission for leave to file a successive § 2255 motion does not mandate relief on the merits.

S.Ct. 2551 (2015), wherein the Supreme Court invalidated a portion of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), as unconstitutionally vague, asserting that his enhanced sentence cannot stand after the Supreme Court decision in *Johnson*.

Under 18 U.S.C. § 924(a)(2), the maximum term of imprisonment for violation of § 922(g)(1) is ten years. Where, as here, Defendant has three or more prior convictions that qualify as either a violent felony or serious drug offense, § 924(e) provides for a mandatory minimum sentence of 15 years. The issue in *Johnson* involved the definition of violent felony under § 924(e), which provides:

> (B) the term "violent felony means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another;
> (ii) is burglary, arson, or extortion, involve the use of explosives, or **otherwise involves conduct that presents a serious risk of physical injury to another**.

18 U.S.C. § 924(e)(2). The highlighted provision was known as the residual clause, and in *Johnson*, the Supreme Court concluded the residual clause was unconstitutionally vague and therefore in violation of the due process clause. 135 S.Ct. at 2556-57. The Court, however, specifically noted that invalidation of the residual clause did not impact the remaining clauses, commonly referred to as the "elements clause" and the "enumerated clause." *Id.* at 2563. Thus, the issue presented herein is whether Defendant's prior convictions were properly considered qualifying offenses under the ACCA, without reliance on the residual clause.

In his original motion, Defendant asserts that second degree burglary under Arkansas law does not qualify under the enumerated clause of the ACCA, because it does not involve purposeful, violent and aggressive conduct against another. Doc. No. 94, p. 3. He also asserts that his assault and battery with a dangerous weapon charge was amended to simple battery, and therefore that conviction was not a qualifying offense for purposes of the ACCA.

The United States responded to the motion asserting that Defendant's Arkansas conviction is a violent felony under the enumerated clause of the Armed Career Criminal Act. The government further asserts that the Defendant's conviction under Oklahoma law for assault and battery with a dangerous weapon qualified as a violent felony under the elements clause, under either the categorical or applying the modified categorical approach.

In his reply brief (Doc. No. 112) Defendant contends for the first time that his third qualifying conviction, robbery with a firearm after former conviction of a felony, can no longer be used to support the ACCA enhancement in light of *Mathis v. United States*, --- U.S. ---, 136 S.Ct. 2243 (2016). First, the Court notes that issues may not be raised for the first time in a Reply brief. *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011). Furthermore, to the extent Defendant contends his claim could not have been raised earlier because *Mathis* had not been issued at the time he filed his motion, *Mathis* did not announce a new right made retroactive on collateral review. Rather,

[t]he Supreme Court explicitly stated in *Mathis* that it was not announcing a

> new rule and that its decision was dictated by decades of prior precedent:
> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense.

*United States v. Eric Taylor,* No. 16-6223, --- Fed.Appx. ---, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016). Because Defendant failed to raise this claim in his motion, the Court declines to address it herein, furthermore his motion would be untimely to the extent he seeks to rely on *Mathis*. The Court turns to the issues raised in Defendant's original motion.

Defendant contends that his 1971 Arkansas conviction for burglary cannot serve as a qualifying offense under the ACCA. Burglary, unlike the conviction for unlawful possession of a shotgun at issue in *Johnson,* is an enumerated offense under § 924(e)(2). The Tenth Circuit recently rejected the same argument in *United States v. Eric Taylor*, 2016 WL 7093905, * 2 (Dec. 6, 2016), because burglary is an enumerated offense under the ACCA, and *Johnson* does not call that clause into question. *See Id.* at * 2. Furthermore, to the extent Defendant relies on *Mathis* to argue that the elements of Arkansas' burglary statute do not sufficiently match the elements of generic burglary, irrespective of the facts of his particular case, a claim for which he cites to Mathis, his claim is untimely, *Mathis* did not announce a new rule of law applicable retroactively to cases on collateral review. *Id.* at *4.

In the majority of cases, the operative date from which the limitation period is measured from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A conviction becomes final upon completion of direct review. *United States*

*v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000). Mr. Robinson's conviction became final on May 27, 2009, when the Supreme Court denied his Petition for Writ of Certiorari. Thus, one year has clearly passed since his conviction became final. Further, Defendant cannot rely on the alternative statute of limitations provision, § 2255(f)(3), because that provision only comes into play when a claim is based on a rule newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255. Because *Mathis* did not recognize a new rule, Plaintiff cannot rely on the provision to permit him to challenge the use of his Arkansas burglary conviction under the enumerated clause. *See Taylor*, 2016 WL 7093905 at * 4.

Defendant next challenges use of his Oklahoma conviction for assault and battery with a dangerous weapon, raising two issues. Without any evidentiary support, he contends that the charge in this case was reduced to simple battery. The state court records submitted by Petitioner do not support his contention. The "Plea of Guilty and Summary of Facts" indicate that Mr. Robinson pled guilty to a charge of assault and battery with a dangerous weapon in violation of Okla. Stat. tit. 21 § 645. The record of his incarceration with the Oklahoma Department of Corrections indicate that his conviction was for violating § 645. Furthermore, the presentence investigation report in this case listed the conviction as assault and battery with a dangerous weapon, and no challenge to the nature of the conviction was raised in objection thereto or at sentencing.

Defendant further argues that assault and battery with a dangerous weapon, which is not an enumerated offense under § 924(e), cannot be used to satisfy the elements clause under ACCA. He contends this conviction could only have been classified as a violent

5

felony under the now-unconstitutional residual clause, arguing he should be re-sentenced, and as a result, released, because he has served in excess of the maximum sentence without the ACCA enhancement.

The "elements" clause requires that the offense under consideration "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e).

> To determine whether a prior conviction fits within the elements clause, "we use one of two methods of analysis: the categorical or modified categorical approach." *Madrid*, 805 F.3d at 1207. The categorical approach focuses solely on "the elements of the statute forming the basis of the defendant's conviction." *Descamps v. United States*, ––U.S. ––, 133 S.Ct. 2276, 2281, 186 L.Ed.2d 438 (2013). "[T]he modified categorical approach applies when the statute is 'divisible'; that is, when it 'lists multiple, alternative elements, and so effectively creates several different crimes.'" *Madrid*, 805 F.3d at 1207 (quoting *Descamps*, 133 S.Ct. at 2285). "[T]he modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Descamps*, 133 S.Ct. at 2281.

*United States v. Tommy Taylor*, 843 F.3d 1215, 1220 (10th Cir. 2016). In *Tommy Taylor*, the court considered whether Okla. Stat. tit. 21 § 645, the same statute under which Mr. Robinson was convicted, is a crime of violence for purposes of sentencing enhancement.[2]

> [T]he threshold question is whether the Oklahoma statute under which [Defendant] was convicted, Okla. Stat. tit. 21, § 645, contains a single, indivisible set of elements or instead lists multiple, alternative elements. In *Mitchell*, we held that § 645 "has a divisible set of elements; it criminalizes an 'assault, battery, or assault and battery' with a sharp or dangerous weapon,

---

[2] The relevant statute provides:
Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault, battery, or assault and battery upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots with any kind of firearm or air gun or other means whatever, with intent to injure any person, although without the intent to kill such person or to commit any felony. . .
Okla. Stat. tit. 21 § 645.

6

> and in the alternative it criminalizes 'shoot [ing] at another' with a gun or similar means." 653 Fed.Appx. at 643. We also held in *Mitchell* that "[t]he former alternative further contains the sub-alternatives of 'assault, battery, or assault and battery,' and 'sharp or dangerous weapon.'" *Id*. (quoting § 645). The result is that "we must therefore apply the modified categorical approach, examining the charging document to determine what set of elements was applied to [Taylor]." *Id*.

*Id.* at 1222–23 (10th Cir. 2016). The parties have not provided charging documents from this conviction to the Court. The factual summary contained in his guilty plea papers, which list the charge as assault and battery with a dangerous weapon, simply states: "[o]n or about May 27, 2003 I knowingly threw a telephone at Tynya Laney." Doc. 94-2. Thus, it appears that Mr. Robinson was charged with assault and battery with a dangerous weapon under the first half of the statute, not under the second half. "Oklahoma law defines an 'assault' as 'any willful and unlawful attempt or offer with force or violence to do a corporal hurt to another," Okla. Stat. tit. 21 § 641, and a "battery" as "any willful and unlawful use of force or violence upon the person of another," Okla. Stat. tit. 21, § 642." *Taylor*, 843 F.3d at 1223. Here, as in *Taylor* and *Mitchell* and the Tenth Circuit's prior cases, the issue is "whether § 645 satisfies the requisite violent force necessary because it contains the additional element of a 'dangerous weapon.'" *Id.* (citing *Mitchell*, 653 Fed.Appx. at 644. The Tenth Circuit concluded in both cases that "when a statute criminalizes 'purposefully threatening . . . a victim[ ] with a weapon capable of causing death or great bodily harm,' a conviction under that statute is a crime of violence." *Id.* (quoting *Mitchell*, 653 Fed.Appx. at 645 (quoting *United States v. Ramon Silva*, 608 F.3d 663, 672 (10th Cir. 2010)). The court in *Taylor,* noted its conclusion in *Mitchell:*

> The statute here criminalizes an intentional attempt or threat to commit

7

> violence on another—that is, either an attempted-battery assault or an apprehension-causing assault—with a weapon capable of causing great bodily harm. In other words, a conviction under this portion of § 645 categorically requires proof of the attempted use or threatened use of violent force. Following our precedent, a conviction under these elements of § 645 "is categorically a crime of violence under all circumstances." *Madrid*, 805 F.3d at 1207.Id. at 645.

*United States v. Taylor*, 843 F.3d 1215, 1224 (10th Cir. 2016). The court further concluded that *Mathis* did not alter the outcome despite the fact that the dangerous weapon requirement of § 645 can be satisfied by "multiple means." *Id.* at 1224.

> Importantly, however, these features do not, as suggested by Taylor, operate to nullify the "dangerous weapon" element for purposes of determining whether a conviction under the first alternative part of § 645 qualifies as a "crime of violence" for purposes of § 4B1.2(a)(1). That is because, regardless of how the "dangerous weapon" element is satisfied in a particular case, the "dangerous weapon" element always operates in the manner described in *Mitchell* and *Ramon Silva*. More specifically, regardless of the type of "dangerous weapon" that is employed by a particular defendant, the use of a "dangerous weapon" during an assault or battery always "constitutes a sufficient threat of force to satisfy the elements clause" of § 4B1.2(a)(1). *Mitchell,* 653 Fed.Appx. at 645.

*Id.* at 1224–25. The Tenth Circuit's decision in *Taylor* dictates the outcome of Defendant's claim with regard to his conviction for assault and battery with a deadly weapon under § 645, which categorically qualifies as a crime of violence. As such, Defendant is not entitled to relief on this basis. Defendant's request for relief pursuant to 28 U.S.C. § 2255 is denied for the reasons set forth above.

This Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant in § 2255 proceedings. Rule 11(a) Rules Governing Section 2255 Proceedings for the United States District Courts. Title 28 § Section 253(c)(1)(B) mandates that the Court may issue a certificate of appealability "only if the

applicant has made a substantial showing of the denial of a constitutional right," and the court "indicate[s] which specific issue or issues satisfy [that] showing." 28 U.S.C. § 2253(c)(2) and (3). Defendant can satisfy the standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*citing Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If a district court dismisses a § 2255 motion on procedural grounds without reaching the underlying constitutional claims, the Defendant must show "jurists of reason would find it debatable whether the [§ 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. After considering the record in this case, the court concludes that Defendant cannot make the required showing that jurists of reason would find it debatable whether the court was correct in its ruling or that the motion fails to state a valid constitutional claim. The Court therefore denies Defendant a certificate of appealability.

IT IS SO ORDERED this 1st day of February, 2017.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE